CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED Danville
MAR 1 3 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ELIZABETH A. CONNER, | ) | CASE NO. 4:05CV00048 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By:   B. Waugh Crigler |
| of Social Security, | ) |        U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 16, 2003 claim for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff, who was 46 years old, graduated from the eleventh grade, and worked as a dishwasher, fast food worker, catering assistant, rip saw operator and cashier, had not engaged in substantial gainful activity since her alleged onset of disability date, June 15, 2002, and was insured for disability benefits through September 30,

2003. (R. 18). Further, the Law Judge found that plaintiff had medical impairments, including degenerative joint disease in both knees; degenerative osteoarthritis of the cervical, thoracic and lumbar spines; a history of rheumatoid arthritis, left shoulder bursitis; a history of osteoporosis; bradycardia; hypertension; asthma; obesity; migraine headaches; status post cholecystectomy (July 2002); and status post hysterectomy and bilateral salpingectomy (April 2003), which are collectively severe within the meaning of Regulations, but were not sufficient to meet or equal a listed impairment. (R. 21). Specifically, the Law Judge determined that the plaintiff's claims were not fully credible, noting that the consulting physician suspected that plaintiff might be malingering (R.19–20), and that plaintiff's allegations of severe pain were not consistent with the medical evidence, her everyday activities, and the absence of more treatment. (R. 22). In addition, the Law Judge found that plaintiff's demeanor at the hearing was not that of a credible witness. *Id.* The Law Judge concluded that the plaintiff could not perform her past relevant work, but that gainful sedentary work for plaintiff was available, and thus she was not disabled under the Act. (R. 23–24).

Plaintiff appealed the Law Judge's decision to the Appeals Council. While on appeal, plaintiff submitted a statement disagreeing with the Law Judge's assessment of her condition. The Appeals Council found no basis in the record or in the reasons the plaintiff advanced on appeal to review the Law Judge's decision. (R. 8–10). Accordingly, the Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20

Case 4:05-cv-00048-JLK-BWC   Document 14   Filed 03/13/06   Page 2 of 5   Pageid#: 52

C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff first argues that the Law Judge failed to account for the edema that plaintiff experiences in her legs. Plaintiff claims that the edema requires her to lift her legs frequently throughout the day, and although the condition lessens from time to time, it never disappears completely. However, most of the 2002 and 2003 medical records which mention the edema refer to "minimal swelling" (R. 133), "some edema" (R. 176), or "slight effusion." (R. 208). Furthermore, contrary to plaintiff's allegations, her more recent medical records from 2003 and 2004 describe her as having "no edema" or swelling. (R.253, 276, 281, 297). According to these records, the edema appears to have resolved itself within a year. Thus, the Law Judge's determination that plaintiff's edema did not require frequent leg elevation was supported by substantial evidence.

Plaintiff also contends that the evidence as a whole demonstrates that, because of her pain, lack of strength, and instability in her knee, she would require rest breaks beyond what is available in normal employment. However, one consulting doctor voiced suspicion that plaintiff was exaggerating the pain in her legs, noting, among other things, that "when observed, she was very unfluid and seems to be in profound pain... but when unobserved or distracted, she moves a

3

Case 4:05-cv-00048-JLK-BWC   Document 14   Filed 03/13/06   Page 3 of 5   Pageid#: 53

lot more fluidly." (R. 220). In her residual functional capacity assessment, Dr. Williams found her symptoms to be only "partially credible." (R. 168). Another doctor stated on October 23, 2003 that "quite frankly, the knee looks good. I do not see any significant abnormality." (R. 208). In addition, although a physical therapist found in 2002 that her muscle strength was limited by her pain (R. 133), other examinations have documented that the plaintiff has normal strength (R. 137), or fail to mention any abnormalities. Finally, although plaintiff was once diagnosed with a hypermobile patella, she has a brace to stabilize her knee and minimize pain. (R. 208). Plaintiff told the doctor on November 19, 2003 that she wore her brace constantly and felt "great." (R. 238). Moreover, in October 2003, an orthopedic specialist found that the plaintiff had no instability of the patella. (R. 209).

Given the questions about plaintiff's credibility, as well as the medical documentation, which does not suggest that plaintiff experiences excessive pain, the undersigned finds that the Law Judge's decision was supported by substantial evidence. Thus, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual

4

recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

3/13/06
Date

5