IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ELIZABETH A. CONNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>) | Case No. 4:05CV00048<br><br>**MEMORANDUM OPINION**<br><br>By: Jackson L. Kiser<br>    Senior United States District Judge |

Before me is the Report and Recommendation ("Report") of the United States Magistrate Judge recommending that the Commissioner of Social Security's ("Commissioner") final decision denying Elizabeth A. Conner's ("Plaintiff") claim for benefits be affirmed. The Plaintiff filed objections to the Report and the Commissioner did not. I reviewed the Magistrate Judge's Report, the Plaintiff's objections, and relevant portions of the Record. The matter is now ripe for decision. For the reasons stated below, I will **ADOPT** the Magistrate Judge's Report and **REJECT** the Plaintiff's objections. The Commissioner's final decision denying Plaintiff's claim for benefits will be **AFFIRMED**, and the case will be hereby **DISMISSED** from the docket of this Court.

I.     **STANDARD OF REVIEW**

Congress has limited judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C.

1

§ 405(g); *see also Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by providing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Administrative Law Judge (ALJ) is charged with evaluating the medical evidence, assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The Regulations grant the ALJ latitude in resolving factual inconsistencies and I may only review the factual determinations for clear error. 20 C.F.R. §§ 404.1527 and 416.927.

## II.     ANALYSIS

For the reasons that follow, Plaintiff's objections to the Magistrate Judge's Report need only be briefly addressed. In her objections, Plaintiff made two arguments in support of her argument that substantial evidence does not exist to support the ALJ's final decision to deny benefits to Plaintiff. First, Plaintiff argues that the ALJ failed to consider the medical records that document the edema that Plaintiff experiences in her legs. Second, Plaintiff asserts that the ALJ did not properly credit the medical testimony regarding the pain and weakness in her legs which would cause her to take extended rest breaks during a work day. Had the ALJ agreed with either of these arguments, Plaintiff states, then the ALJ would have had to also credit the vocational expert's testimony that no jobs exist in the national economy for individuals who

need to sit with their legs elevated and who require additional rest breaks.

The flaw in Plaintiff's argument is that the Magistrate Judge addressed these exact arguments point-for-point as they were posed in Plaintiff's summary judgment brief. That is, the arguments Plaintiff raises in her objections to the Magistrate Judge's Report are completely duplicative of the arguments made in her summary judgment brief. In his Report, the Magistrate Judge attributed the proper weight as to the findings of the ALJ and the ALJ found that Plaintiff's complaints were either not supported by the evidence or were contradicted by other evidence. It is the province of the ALJ and not the reviewing court to make these credibility determinations. Therefore, Plaintiff's objections to the Magistrate Judge's Report must be rejected because they were considered and properly rejected by the Magistrate Judge at the time he issued his Report.

## IV. CONCLUSION

For reasons stated herein, I will **ADOPT** the Magistrate Judge's Report and **REJECT** the Plaintiff's objections. The Commissioner's final decision denying the Plaintiff's claim for benefits will be **AFFIRMED**, and the case will be hereby **DISMISSED** from the docket of this Court.

Entered this 25th day of April, 2006.

s/Jackson L. Kiser
Senior United States District Judge

3